IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

RECORD NO. 14-1113
_____

JAMES B. ANGELL, TRUSTEE,

Plaintiff - Appellant,

v.

MEHERRIN AGRICULTURAL & CHEMICAL COMPANY

Defendant - Appellee.

_____

APPELLEE'S LIMITED OBJECTION TO
APPELLANT'S DOCKETING STATEMENT

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

Michael J. Parrish
J. Michael Fields
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, NC 27835-8088
Counsel for Appellees

## APPELLEE'S LIMITED OBJECTION TO APPELLANT'S DOCKETING STATEMENT

This action is before this Court following entry of that May 1, 2013 Order by the United States Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court") granting the Motion to Dismiss filed by Appellant Meherrin Agricultural & Chemical Company ("Meherrin") (the "Bankruptcy Court Order"); the Notice of Appeal from the Bankruptcy Court Order filed by James B. Angell, as Chapter 7 Trustee for Tanglewood Farms, Inc. of Elizabeth City (the "Trustee") on May 15, 2013; entry of that January 6, 2014 Order by the United States District Court for the Eastern District of North Carolina (the "District Court") affirming the Bankruptcy Court Order in favor of Meherrin (the "District Court Order"); and the Notice of Appeal from the District Court Order filed by the Trustee on February 5, 2014.

On February 18, 2014, the Trustee filed his Docketing Statement with the Court. [Doc: 9] Meherrin files this Limited Objection to the Docketing Statement in order to clarify two statements made by the Trustee therein.

I.   THIS APPEAL IS NOT FROM A FINAL ORDER

In the Docketing Statement, the Trustee states that this appeal is from a "final judgment or order." As Meherrin pointed out in its briefing before the

-1-

District Court, that assertion is incorrect. The Bankruptcy Court Order was entered in an action involving two defendants, Meherrin and CNH Capital America, LLC ("CNH"), but the Bankruptcy Court Order resolved only the Trustee's claims against Meherrin. Accordingly, the Dismissal Order is subject to Federal Rule of Civil Procedure 54(b). The Dismissal Order did not contain language, commonly referred to as a "Rule 54(b) certification," certifying it for immediate appellate review. *See* Fed. R. Civ. P. 54(b).[1] Because the Bankruptcy Court did not "certify" the Dismissal Order, it is interlocutory.[2] *Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982). Prior to filing his Notice of Appeal to the District Court, the Trustee did not file a Motion for Leave to Appeal, 28 U.S.C. § 158(a)(3), or request that the Bankruptcy Court certify its order pursuant to Rule 54(b).

After Meherrin raised the issue in its briefing to the District Court, on September 27, 2013, the Trustee filed a "Motion and Memorandum Requesting

---

[1] The purpose of requiring the trial court to "certify" an order resolving claims against some, but not all, parties is to avoid piecemeal or repetitive appeals before the final adjudication of all claims. The decision to allow immediate appeal of an interlocutory order before resolution of all claims in the action is committed to the discretion of the trial court. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 900-01 (1956). On this point, Meherrin states that, as shown below, the Bankruptcy Court denied the Trustee's belated request for certification. Further, the Trustee's claims against Meherrin and CNH involve identical elements and common defenses, so that allowing immediate appeal from the Bankruptcy Court Order before the final resolution of all claims in the underlying action presents very real potential for piecemeal appellate review.

[2] The Trustee's claims against CHN Capital America, LLC have not been finally resolved and the matter is now in the discovery phase. The Bankruptcy Court has previously indicated that a trial date would be set for May of 2014.

Certification of Final Judgment" before the Bankruptcy Court (the "<u>Certification Motion</u>").  The Bankruptcy Court conducted a hearing on the Certification Motion and, on November 26, 2013, entered an Order Denying Request for Certification.

The District Court did proceed to consider the merits of the Trustee's appeal from the Bankruptcy Court Order, and the District Court Order affirms the Bankruptcy Court Order on substantive grounds.

Based on this record, Meherrin submits that the Trustee's assertion that this appeal is from a "final judgment or order" is incorrect.  Meherrin raises this issue at this juncture so that it does not waive any arguments, positions, or rights that it may have on account of the status of the Bankruptcy Court Order as an interlocutory order, including, but not limited to, the dismissal of the Trustee's appeal on jurisdictional grounds.

II. THIS APPEAL DOES NOT PRESENT ISSUES OF FIRST IMPRESSION

In the Docketing Statement, the Trustee states that this appeal "involve[s] [a] question of first impression."  Meherrin disagrees, and states that both the Bankruptcy Court Order and the District Court Order were decided by straight-forward application of the familiar doctrines of waiver and estoppel to the applicable facts.

-3-

Respectfully submitted, this the 24th day of February, 2014.

      */s/ Michael J. Parrish*
      Michael J. Parrish
      N.C. State Bar I.D. No: 38419
      E-mail: mjp@wardandsmith.com
      J. Michael Fields
      N.C. State Bar I.D. No.: 018170
      E-mail: jmf@wardandsmith.com
      For the firm of
      Ward and Smith, P.A.
      120 West Fire Tower Road
      Post Office Box 8088
      Greenville, NC 27835-8088
      Telephone: (252) 215-4027
      Facsimile: (252) 215-4077
      Attorneys for Appellee Meherrin Agricultural &
        Chemical Company

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 24th day of February, 2014, I caused this document, APPELLEE'S LIMITED OBJECTION TO APPELLANT'S DOCKETING STATEMENT to be filed electronically with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following CM/ECF users.

>Nicholas C. Brown
>Howard, Stallings, From & Hutson, P.A.
>Post Office Box 12347
>Raleigh, NC 27605
>*Counsel for Appellant*

This the 24th day of February, 2014.

>/s/ Michael J. Parrish
>Michael J. Parrish
>N.C. State Bar I.D. No: 38419
>E-mail: mjp@wardandsmith.com
>For the firm of
>Ward and Smith, P.A.
>120 West Fire Tower Road
>Post Office Box 8088
>Greenville, NC 27835-8088
>Telephone: (252) 215-4027
>Facsimile: (252) 215-4077
>Attorneys for Appellee Meherrin Agricultural & Chemical Company

000458-00064
ND: 4849-8467-0232, v. 1

-5-